**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0114-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NASHON BROWN,

     Defendant-Appellant.

_____

Submitted October 8, 2019 – Decided November 1, 2019

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-07-1749.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Nashon Brown appeals from an order of the Law Division denying his petition for post-conviction relief (PCR). We affirm.

I.

The following facts are taken from the record. On April 26, 2014, defendant was the subject of a search by parole officers who found more than fourteen grams of heroin hidden in a shoe box. Defendant admitted during his plea allocution that it was his intent to sell, share, or give the heroin to others.

On July 10, 2014, defendant was indicted for third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a) (count one); first-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) (count two); and third-degree possession of a CDS with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7(a) (count three).

On September 25, 2015, defendant pled guilty pursuant to a negotiated plea agreement to count two, as amended to second-degree possession of a CDS, with intent to distribute, N.J.S.A. 2C:35-5(a)(1).

Pursuant to the plea agreement, the State agreed to dismiss counts one and three of the indictment, and recommended a sentence of a five-year term of imprisonment with no parole ineligibility term. On March 28, 2016, the court sentenced defendant to a five-year sentence, to run concurrent with a separate

parole violation under a different Essex County Indictment, No. 09-05-1460, without a period of parole ineligibility.

On June 9, 2016, defendant filed an appeal of his sentence, arguing he was illegally deprived of jail credit. Defendant's sentence was affirmed. We found no deprivation of jail credit. State v. Brown, No. A-4243-15 (App. Div. Nov. 15, 2016).

On November 29, 2016, defendant filed a pro se petition for PCR, and on April 21, 2017, he filed a notice of motion for jail time credit alleging his trial counsel was ineffective for leading defendant to believe he would receive twenty-three months of jail credit. Defendant filed another pro se petition for PCR on August 14, 2017 seeking the same relief.

On August 25, 2017, the trial court denied defendant's motion for jail credit because of his parole violation. Thereafter, on September 26, 2017, the PCR court appointed counsel, who submitted a brief in support of defendant's PCR petition. Defendant alleged that his plea counsel was ineffective for: (1) failing to meet with him and provide discovery prior to the plea bargain; (2) threatening defendant with an extended sentence if he did not accept the plea offer; and (3) misleading him as to the amount of jail credit he would receive. The PCR court heard argument and issued a written opinion denying the petition

without an evidentiary hearing on June 19, 2018. In her opinion, the PCR court found defendant's ineffective assistance of counsel claims failed because defendant presented no evidence supporting his allegations, only bald assertions. Specifically, the PCR court found notwithstanding defendant's criminal record, he was given the lowest possible sentence for a second-degree crime, therefore, no prejudice was shown. This appeal followed.

## II.

On appeal, defendant raises, through counsel, the following issues:

POINT I

THE DEFENDANT'S PCR PETITION WAS NOT PROCEDURALLY BARRED.

POINT II

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.

A.  LEGAL PRINCIPLES.

B.  FAILURE TO PROVIDE DEFENDANT WITH FULL DISCOVERY AND TO KEEP HIM FULLY INFORMED OF THE STATUS OF THE CASE.

C. FAILURE OF PLEA COUNSEL TO CORRECTLY ADVISE DEFENDANT AS TO JAIL CREDITS.

D. FAILURE OF PCR COURT TO CONDUCT AN EVIDENTIARY HEARING.

In his pro se brief, defendant raised these additional issues:

POINT ONE

JAIL TIME SHOULD BE AWARDED IN ACCORDANCE WITH THE PLEA AGREEMENT AND PURSUANT TO THE FOURTH AMENDMENT.

POINT TWO

COUNSEL AND THE COURT [WERE] INEFFECTIVE, IN VIOLATION OF THE DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT[] [RIGHTS].

The Sixth Amendment to the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his defense. The right to counsel includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)).

In Strickland, the Court established a two-prong test, later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), to determine whether a

5

defendant has been deprived of the effective assistance of counsel. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

Under the first prong of the Strickland/Fritz standard, a petitioner "must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. It must be demonstrated that counsel's representation "fell below an objective standard of reasonableness," and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

Under the second prong of the Strickland/Fritz standard, a defendant "must show that the deficient performance prejudiced the defense." Id. at 687. There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

A petitioner must establish both prongs of the Strickland/Fritz standard in order to obtain a successful reversal of the challenged conviction. Id. at 697; Fritz, 105 N.J. at 52. A failure to satisfy either prong of the Strickland/Fritz standard requires the denial of a petition for PCR. Strickland, 466 U.S. at 700; State v. Parker, 212 N.J. 269, 280 (2012).

6

A PCR court should grant an evidentiary hearing "to resolve ineffective-assistance-of-counsel claims" if a defendant has demonstrated a "reasonable likelihood" of succeeding under the Strickland/Fritz standard. State v. Preciose, 129 N.J. 451, 462-63 (1992). In deciding whether to grant an evidentiary hearing, the court must view the facts presented in support of the PCR petition "in the light most favorable to [the] defendant." Ibid.

A defendant may assert a claim of ineffective assistance of counsel "when counsel fails to conduct an adequate pre-trial investigation." State v. Porter, 216 N.J. 343, 352 (2013). This claim is based on the trial counsel's "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." State v. Chew, 179 N.J. 186, 217 (2004) (quoting Strickland, 466 U.S. at 691).

A PCR petition that alleges trial counsel was deficient due to counsel's failure to adequately investigate must include "the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). When presented with such supporting documents, the appellate court "consider[s] petitioner's contentions indulgently and view[s] the facts asserted by him in the light most

favorable to him."  Porter, 216 N.J. at 353 (alterations in original) (quoting Cummings, 321 N.J. Super. at 170).

Viewing the facts asserted by a defendant in the light most favorable to him or her does not mean that the court should treat bare assertions included in the PCR petition as sufficient proof for a prima facie case of ineffectiveness. Cummings, 321 N.J. Super. at 170-71.  Without evidence as to what testimony or evidence would have been discovered had trial counsel investigated further, a defendant's allegations do not create a prima facie showing of ineffective assistance of counsel.  Id. at 171.

Based upon our review of the record, we are convinced the PCR court correctly concluded that defendant failed to establish the first prong of the Strickland standard.  Beyond the conclusory assertion that his plea counsel was ineffective, defendant's petition and submissions are devoid of any facts supported by affidavit or certification demonstrating his counsel's performance was deficient.  The Court Rules require "that factual assertions in a petition for post-conviction relief be made by affidavit or certification in order to secure an evidentiary hearing."  State v. Jones, 219 N.J. 298, 312 (2014) (citing R. 3:22-10(c)).  As the PCR court correctly noted, defendant did not "voice any concerns about the manner in which his attorney met with him" and defendant failed to

provide any evidence supporting his claim that plea counsel failed to meet with him in a sufficient matter.

As to discovery, the PCR court found "[d]efendant does not state what, if any, discovery plea counsel failed to provide." Likewise, the PCR court concluded with respect to defendant's claim that he was pressured to accept the plea by being threatened with an extended sentence, defendant presented "no support or evidence from the record" and he simply made a "bald assertion."

Moreover, even assuming that plea counsel was deficient, defendant did not present any cognizable evidence establishing that there is a "reasonable probability that, but for" his counsel's alleged failure and actions the result of his outcome would have been different. Strickland, 466 U.S. at 694. The record supports the PCR court's finding that defendant made no showing that there was any discovery plea counsel failed to provide, or that any threat or force was made that would have affected the outcome here.

Defendant additionally argues that his plea counsel told him he would receive twenty-three months of jail credit or at a minimum, twelve months of jail credit and based upon this representation, defendant entered his guilty plea. Ultimately, he received 132 days of jail credit. The record does not support defendant's contentions.

At the plea hearing, defendant was asked by the court if he was currently serving a parole violation and he responded "yes." At the originally scheduled sentencing date on November 17, 2015, the court informed defendant that he would not receive the jail credit he was seeking due to his parole violation. After defendant began "balking" about not receiving jail credit, his plea counsel spoke to him and explained the court's reasoning.

At the sentencing hearing held on March 28, 2016, defense counsel again argued that defendant was entitled to twenty-three months of jail credit based on his time in jail from the date of his arrest. Alternatively, defense counsel argued that defendant was entitled to twelve months of jail credit, from the time of his arrest and his re-sentencing on the parole violation. The sentencing court, who was also the plea court and PCR court, stated:

> I do note, as I said before, that there is . . . no jail credit, because this a parole violation, but what I will ask them [Parole], because the original date of sentencing was November 17th, I will ask now - - that is up to Parole whether they will give it you or not, but I will ask that and put on the [judgment of conviction] to ask that you will be given jail credit from 11/17 until yesterday's date, 3/27/16, because that was the day you will have started earning jail credit before you got into a whole question of why you didn't get jail credit.
>
> I think it was explained I think you had a right of understanding but I'm going to give the jail credit from

that . . . period, so you do not lose anything, as if it was the date that you were originally sentenced.

We discern no error. In State v. Black, our Supreme Court held "when a parolee is taken into custody on a parole warrant, the confinement is attributable to the original offense on which the parole was granted and not to any offense or offenses committed during the parolee's release." 153 N.J. 438, 461 (1998). There is no evidence in this record that defense counsel provided any erroneous advice to defendant on the subject of jail credit. Moreover, on his direct appeal we found there was no deprivation of any jail credit to defendant. We are unpersuaded by defendant's argument that a change in assistant prosecutors on the case before his sentencing somehow negatively impacted his sentence.

Defendant further argues that the PCR court erred by finding his petition was procedurally barred under Rule 3:22-5. His argument is devoid of merit. The PCR court correctly determined that defendant was aware of the jail credit issue and could have asserted it during the plea bargain, at sentencing, or in a motion to withdraw his plea, but he chose not to. Moreover, this court and the trial court denied defendant's request for jail credit based upon controlling law. The PCR court correctly barred defendant's jail credit claim under Rule 3:22-5. We are therefore satisfied the PCR court correctly concluded that defendant did not satisfy the second prong of the Strickland standard.

11

A-0114-18T2

We also reject defendant's claim that the court should have conducted an evidentiary hearing. A hearing is required when a defendant presents a prima facie case for PCR under the Strickland standard, the existing record is inadequate to resolve defendant's claim, and the court determines an evidentiary hearing is required. Porter, 216 N.J. at 354 (citing R. 3:22-10(b)). A failure to satisfy either prong of the Strickland standard requires the denial of a petition for PCR. Strickland, 466 U.S. at 700. Here, the existing record provided an adequate basis for the court's finding that defendant did not establish a prima facie case of ineffective assistance of counsel under the Strickland standard, and therefore an evidentiary hearing was not required. Furthermore, in his plea colloquy, defendant testified that he was satisfied with his counsel's representation.

We have considered the contentions which defendant raised in his pro se petition and find that they are without sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION